IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DUSTIN LEE SMITH                                                                                            PLAINTIFF

v.                                            Case No. 1:22-cv-1054

NURSE KASEY SANFORD;
CAPTIAN RICHARD MITCHAM;
NURSE TRACEY THROWER;
JAILER JEREMY BOONE;
JAILER JAMAL BOONE;
SERGEANT LISA WORLEY; and
OFFICER JONATHAN TUBBS                                                                        DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to comply with orders of the Court. Plaintiff Dustin Lee Smith originally filed this 42 U.S.C. § 1983 action *pro se* on September 23, 2022. ECF No. 1. On the same day, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. ECF No. 3.

On April 11, 2023, Defendants filed a Joint Motion to Dismiss and Brief in Support. ECF Nos. 31 and 32. Defendants state in their Motion that Plaintiff was notified of his deposition date and failed to appear. *Id*. The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss by May 3, 2023. ECF No. 33. This order was not returned as undeliverable mail, and Plaintiff failed to respond to Defendants' Motion to Dismiss.

On May 10, 2023, the court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendants' Motion for Summary Judgment. ECF No. 35. Plaintiff's response was due on May 31, 2023. *Id*. This Order to Show Cause was not returned as undeliverable mail, and Plaintiff failed to respond. Plaintiff has not communicated with the Court

since January 20, 2023, when he filed his Court requested free-world IFP application after being released from jail. ECF No. 28.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge