IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DUSTIN LEE SMITH                                                                                          PLAINTIFF

v.                                    Civil No. 1:22-cv-01054-SOH

NURSE KASEY SANFORD; CAPTAIN
RICHARD MITCHAM; NURSE TRACEY
THROWER; JAILER JEREMY BOONE;
JAILER JAMAL BOONE; SERGEANT LISA
WORLEY; and OFFICER JONATHAN TUBBS                                          DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion to Reopen this case. (ECF No. 40). The Honorable Susan O. Hickey, Chief United States District Judge, referred Plaintiff's Motion to the undersigned for consideration.

Plaintiff's Complaint was dismissed without prejudice on June 12, 2023 by Judge Hickey based on Plaintiff's failure to prosecute. (ECF No. 38). Specifically, Plaintiff failed to appear at his properly noticed deposition, and failed to respond to the Defendants' Motion to Dismiss for failure to prosecute. Furthermore, Plaintiff failed to respond to the Court's Order to Show Cause directing Plaintiff respond to Defendants' Motion to Dismiss. *Id.*

Plaintiff now seeks to reopen his case because he was sent to rehab and missed "a zoom meeting." (ECF No. 40). The Court presumes the zoom meeting Plaintiff refers was his scheduled deposition. However, Plaintiff failed to provide the Court with any reason why he failed to respond to the Court's orders; and why he has not challenged the Court's dismissal before now—fifteen months after the case was closed.

1

The Court interprets Plaintiff's Motion to Reopen as a motion to reconsider the June 12, 2023 Order dismissing his Complaint without prejudice. Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). These motions cannot be used to "introduce new evidence that could have been adduced during pendency of the motion at issue" and it is "not the appropriate place to tender new legal theories for the first time." *Arnold v. ADT Sec. Serv., Inc.* 627 F.3d 716, 721 (8th Cir. 2010) (quotations and citations omitted). Instead, the moving party must "demonstrate exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.35 992, 998 (8th Cir. 2001).

Here, the Court will consider Plaintiff's Motion as a Motion for Reconsideration under Rule 60(b). Rule 60(b) states, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … (6) any other reason that justifies relief. *See* FED. R. CIV. P. 60. Further, a Motion for Reconsideration construed as a Rule 60(b) motion may be considered timely filed as long as the moving party files it within "a reasonable time." Id

First, the Court does not find Plaintiff has filed his Motion to Reopen within a reasonable time. This case was closed over a year ago. Additionally, the Court does not find Plaintiff has presented any argument or evidence showing mistake, inadvertence, surprise or excusable neglect as required by FED. R. CIV. P. 60. Plaintiff has failed to demonstrate any exceptional circumstances warranting this stale case be reopened. *See Arnold*, 238 F.35 at 998. However, Plaintiff is advised his case was dismissed without prejudice which means he may file it again if he wishes.

The Clerk of the Court is directed to mail Plaintiff a Section 1983 Complaint form packet with this Order.

For the reasons stated above, Plaintiff's Motion to Reopen (ECF No. 40) is hereby **DENIED.** Plaintiff is reminded his claims were dismissed without prejudice so he may file a new case if he so wishes.

**IT IS SO ORDERED** this 19th day of November 2024.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE